SACH AND FRENKEL v. CORDES CRESAP, ET AL.

RIGHT OF WAY FOR A ROAD DEDICATED FOR PRIVATE PURPOSES.

Where an easement is granted for a private road to an abutting land owner, his heirs and assigns, it inures to the benefit of all the heirs and assigns, however many there may be, or into however many parcels the abutting land may be subdivided.

ERROR to superior court of Cincinnati.

Cox, J.

The errors assigned in this case are that the court overruled the motion for a new trial and that the judgment should have been given for the plaintiffs.

The grounds of the motion were that the judgment was not sustained by sufficient evidence, and was contrary to law. Similar motions were made by each party. No bill of exceptions has been filed containing the evidence offered in the trial, but the whole case comes before us on the findings of fact and of law.

Both parties except to the findings of law and judgment, but the errors are prosecuted by the plaintiffs.

The action below was brought by the plaintiffs, who claim to be owners in common with the defendants of a right of way running north from the Observatory road, thirty feet wide, through a tract of twenty-one acres; that said right of way was dedicated for private purposes alone, and not to be used by the public or any other individuals except the assignees or heirs of the owners without the consent of all; that a gate was to be placed at Observatory road and one on the north end of the private road; that since the dedication, Erie avenue, a street eighty feet wide, has been cut at right angles across the private road about 600 feet north of the Observatory road.

That defendants, Cordes and Cresap, in 189– purchased a tract off the east side of said 21 acres running north 535 feet along said private road from Observatory road to within 100 feet of Erie avenue, and have laid off said tract into lots with a street running east and west to said private road, and have invited the public to enter on said street to and through said private road to Observatory road and Erie avenue; have torn down the fence on their tract on said private road, thus making said private road a public one, to be used by every person other than the dedicators of said road, their heirs and assigns, without the consent of all of them.

That to prevent such illegal use the plaintiffs placed a gate at the intersection of the Observatory road and one at Erie avenue, which gates defendant threatens to tear down, and thus open said private road to the public, and plaintiff asks for an injunction to prevent such illegal act.

Defendants filed an answer and cross-petition. In their answer they say that the road in question was established by an agreement in writing between Gabriel Simon and Babette Simon, Benedict Frenkel and Simon Newburg, a copy of which is attached to their answer, and claim that the land which they own, bounding on said private way, is part of said twenty-one acres, and came to them through transfers from Babette Simon, one of said parties. They deny that they, their servants r agents, are using said road contrary to said agreement, or that they are procuring or inviting the public to do so.

They say plaintiffs have locked said gates at Observatory road and Erie avenue. And they deny the rights of plaintiffs to put any gates at the crossing of Erie avenue and said private road, and deny their right to lock any gate on said private road, and they ask that the plaintiff be enjoined from placing a gate at Erie avenue and from locking any gate on said private road. The case was heard by the court and, at the request of plaintiffs, made a finding of fact and of law.

*First*—As a conclusion of facts the court found that the said road was established according to the agreement set up in defendant's answer. That by said agreement Gabriel Simon and Babette Simon, through whom the defendants derive title, for a valuable consideration sold and granted to the persons from whom the plaintiffs derive title, their heirs and assigns forever, the right of way over the private road described by plaintiff, which was to be thirty feet in width and running from Linwood,

on Observatory road, north to the road opened up by the plaintiff, Frenkel, north of the Simon tract; Gabriel and Babette Simon hereby reserving unto themselves, their heirs and assigns, the right of passing and repassing through said road at all times by night and day; said road is to be kept in repair by the parties to the agreement, their heirs and assigns, in proportion stated in said agreement.

That said road was to be strictly a private road to be used only by the Simons and the plaintiffs and their heirs and assigns, and not to be changed in any respect, nor shall any person or persons, whomsoever, be allowed the use of said road at any time, either directly or indirectly, unless by the joint consent of the parties hereto, their heirs or assigns.

That ornamental trees should be planted on each side, twenty feet apart, and maintained by an agreed proportional price by the, parties. That two patent self-opening and closing gates shall be erected, one at each end of the road, Frenkel and Newburg, their heirs and assigns to pay for the upper one and keep it in good repair, and Gabriel and Babette Simon, their heirs and assigns, for the lower one and keep the same in good repair. Said agreement was entered into February 25, 1868.

The court further finds that since said agreement said road has been improved, shade trees placed at intervals its entire length, and was at the time defendants acquired title, July 10, 1886, partially inclosed along the sides thereof, running north and south, by a fence.

*Second*—That at the time of the above agreement, Linwood road on Observatory road was the southern terminus of the right of way, and the entrance thereto was closed by the parties to said agreement with a patent self-opening and closing gate, the property now owned by defendants being then owned by the grantor, Babette Simon, to the center of said private way. A self-opening and closing gate was also erected on the north end of said private road, the property then owned by plaintiffs; that defendants were at the time of the commencement of the suit the owners of property on the east side of the right of way, fronting on Observatory road and extending back 535.92 feet to within 100 feet south of what is now known as Erie avenue, and could then only obtain access to their property from Observatory road, or over the right of way on the private road, and that then it was only used by plaintiffs and Babette Simon to get access to and from their property.

That defendants derive their title by deed July 10, 1889, which did not convey the right of way, but conveyed the land above described "with all its privileges and appurtenances." That plaintiff, Sachs, obtained his title to the right of way from Nathaniel Newburg, by deed June, 1891, conveying the right of way in terms.

*Fourth*—That Erie avenue, a public county road, was constructed by the commissioners of Hamilton county in 1891, taking a strip of land eighty feet long and thirty feet wide, after plaintiff acquired title, and is now used as a public road, and said private way opens at Erie avenue and the public traveled on said private way to Observatory road until plaintiff by agreement of all parties except defendants, Cordes and Cresap, closed access by placing gates at Erie avenue and Observatory road and locking the same.

*Fifth*—That defendants have taken away part of the fences which inclosed said right of way on the sides thereof, and have removed the gate at Erie avenue, and have kept the gate at Observatory road open after plaintiff had restored it, and will not permit him to keep the same closed and locked.

That defendants have platted their land into lots, on which said private way is marked as "Simon avenue," and also a street called "Newburg avenue," leading west to said private way and into another street east called Josephine street, connecting Observatory road with said right of way, and have distributed plats and offered same for sale, and invited the public to come on the premises for further information, and that they, their servants, employees and the public are constantly using said private way.

And as conclusions of law on the facts above found, decide:

1. That the plaintiffs and defendants, their heirs and assigns, are entitled to use all of the right of way as described under No. 1, of the finding of facts, but strictly as a private road to be used only by the parties aforesaid and their assigns, and said road to be maintained and improved as described in No. 1, the expense to be borne as specified in said agreement, except Cordes and Cresap, who are to pay one-eighth.

2. That plaintiffs are entitled to and have the legal right—

(*a.*) To maintain and keep a gate at the intersection of said private road with Observatory road, and to keep the same closed with a latch or hook.

(*b.*) To keep said private road along its entire length where the property of the parties, other than the defendants, Cordes and Cresap and assigns, abut thereon, wholly inclosed by good and substantial fences.

(*c*) To maintain and keep a gate at the intersection of said private road and Newburg avenue, said gate to be kept closed by the plaintiffs by means of a lock or latch.

3. The plaintiffs are not entitled to keep closed with lock or key the gate at the intersection of the private road and Observatory road, or to maintain a gate of any kind at the present intersection of said private road, with Erie avenue on the south side of said Erie avenue, but at the said point said private way is to remain open. The court thereupon adjudged that Cordes and Cresap, their servants, agents and employees, be perpetually enjoined from causing to be kept open the gate at the intersection of said private road with Newburg avenue, when said gate is placed thereat; or from interfering with the construction and maintenance of the same; from causing, procuring or inviting the public to enter upon, travel and pass over said right of way; from continuing further to claim or assert a right to use this right of way as a means of affording the public ingress or egress from Observatory road, over any other street or streets, whether by printed plats, auction advertisements, or sale, or any other way, and plaintiffs, who are enjoined perpetually from keeping or maintaining a gate of any kind at the intersection of said private road with Erie avenue or from locking gate at Observatory road and Newburg avenue, but may fasten the same by *latch or hook*, and the court ordered the costs to be paid one-half by plaintiff and the other by Cordes and Cresap.

In the application by the court of the law to the facts found, we think there were several errors.

In the second point subdivision (*a*) the court decides that the plaintiffs are entitled to maintain and keep a gate at the intersection of said private road with the Linwood road and Observatory road, and to keep the same closed *by a latch or hook*.

The court having found that the agreement of February 15, 1868, was the contract between the parties, there is no authority for closing a gate on said premises by *hook or latch*. The kind of gate provided for in the contract at each end of said road was a *patent self-opening and self-*

*closing gate*, and such a gate would not require a person in a vehicle to get out and open or close the gate, while a gate hooked or latched would require it.

We think the court erred in subdivision (*b*) of their second opinion, that the plaintiffs are entitled to and have the legal right to keep said private road, along its entire length where the property of the parties other than the defendants, Cordes and Cresap, and assigns abut thereon, *wholly enclosed by good and substantial fences*. There is no authority for such a ruling either in the contract between the parties or in the finding of facts by the court. The only fact found by the court was that the private way has since 1868, and was, when defendants, Cordes and Cresap, obtained title in 1889, *partially* inclosed along the side thereof, running north and south, by a fence. How much of the sides was partially inclosed, nor upon whose land along the side thereof, running north and south, by a fence, does not appear by the finding of facts.

The contract provides, that the said road is to remain strictly a private road, and the same is not to be changed or altered in any respect, and that trees shall be planted along the road twenty feet apart, and not to be removed unless by mutual consent of the parties. The road is to be laid out and kept, in good repair, but this does not require either party to erect fences along the line of the road in front of his own property, nor would the fact that some one has, since 1868, partially enclosed his land along said road by a fence, authorize the court to compel any one of the abutting owners to erect and maintain a fence.

We think the court was right in their first conclusion of law that the plaintiffs, defendants, their heirs and assigns, are each entitled to the use of the right of way in said road as a private road.

We have heretofore held in the case of the Methodist Protestant Church of Cincinnati against Laws, 4 Circuit Decisions, 562, that where an easement is granted in a private road to a party owning abutting lands, *his heirs or assigns*, it inures to the benefit of all the heirs and assigns, however many there may be, and into however many parcels the abutting land may be subdivided and inherited or assigned.

The judgment of the superior court will therefore be reversed in so far as it directs the maintaining of a gate at Observatory road different from that in the agreement of the parties, and also in requiring the fence to be erected and maintained along said private way.

No. 1 and No. 3 of the finding of law by the court are affirmed, except as to the last clause, which authorizes the plaintiff to have the gate at Observatory road fastened by a hook or latch. The only gate authorized at said point is a "*patent self-opening and closing*" one.

The judgment of the lower court will therefore be *affirmed* in part and *reversed* in part, according to the views herein expressed. Costs in this court to be divided equally between plaintiffs and Cordes and Cresap.

*Burch & Johnson*, Attorneys for Plaintiffs.

*Coppock & Gallagher*, Attorneys for Defendants.